UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAMAINE ANTONIO HARRISON** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 15-1703** |
| **JAMES D. CALDWELL** | **SECTION: "N" (5)** |

## REPORT AND RECOMMENDATION

On or about January 7, 2014, petitioner, Tramaine Antonio Harrison, filed the instant application for federal *habeas corpus* relief.[1] The application was not on a proper form and was unaccompanied by either the requisite filing fee or an application to proceed *in forma pauperis*. On May 21, 2015, the Clerk's Office notified petitioner of the deficiencies and instructed him to file the proper form petition along with payment of the filing fee or an application to proceed without prepayment of fees by June 11, 2015.[2] That notice was returned to the Court as undeliverable.[3] Petitioner notified the Court that his address had changed. The Clerk's Office sent a second notice of deficiency to the new address provided by petitioner.[4] This extended his time for curing the deficiencies until June 23, 2015. That deadline passed and petitioner failed to respond.

---

[1] The petition was initially filed in the United States District Court for the Middle District of Louisiana and subsequently transferred to this Court on or about May 7, 2015.

[2] Rec. Doc. 4.

[3] Rec. Doc. 6.

[4] Rec. Doc. 8.

On July 9, 2015, the undersigned issued an order, notifying petitioner that the application was not in compliance with Rule 2 or Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts, and directing that, on or before July 29, 2015, petitioner either pay the required filing fee or submit an application to proceed *in forma pauperis*, along with a form petition.[5] The order included copies for petitioner of the standard form petition and an application to proceed without prepayment of fees and affidavit, which was sent to petitioner at the address he provided to the Court. Petitioner was warned that if he failed to comply with that order, the undersigned would recommend that this matter be dismissed. Again, petitioner did not respond. To date, petitioner has not complied with this Court's order.

Despite being afforded several opportunities to do so, petitioner has not paid the filing fee or submitted an application to proceed *in forma pauperis*. See Rule 3(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, it should be dismissed on that basis. *See e.g.*, *Searls v. Cain*, Civ. Action No. 08-928, 2008 WL 1745142 (E.D. La. Apr. 10, 2008).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for *habeas corpus* relief filed by Tramaine Antonio Harrison be **DISMISSED WITHOUT PREJUDICE** because he has neither paid the required filing fee nor requested and been granted permission to proceed *in forma pauperis*.

A party's failure to file written objections to the proposed findings, conclusions, and

---

[5] Rec. Doc. 9.

recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996)(en banc)(citing 28 U.S.C. §636(b)(1)).[6]

New Orleans, Louisiana, this 5th day of August, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

3